**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIVA FIATOA,<br><br>    Plaintiff-Appellant/Cross-Appellee,<br><br>v.<br><br>DAVID KEALA; LOREN HOLLEY,<br><br>    Defendants,<br><br>and<br><br>BRIGHAM YOUNG UNIVERSITY, Hawaii,<br><br>    Defendant-Appellee/Cross-Appellant. | Nos. 04-15747, 04-15867<br><br>D.C. No. CV-03-00258-BMK<br><br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Submitted June 14, 2006[**]
Honolulu, Hawaii

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R. App. P. 34(a)(2).

BEFORE:   PREGERSON, CANBY, and HALL, Circuit Judges.

Liva Fiatoa ("Fiatoa") appeals the district court's grant of summary judgment against her Family Medical Leave Act ("FMLA") claim, 29 U.S.C. § 2612, and the award of fees to Brigham Young University-Hawaii ("BYUH"). We have jurisdiction under 28 U.S.C. § 1291 to review the district court's grant of summary judgment. We affirm.

BYUH is entitled to summary judgment on Fiatoa's claim that it interfered with her right to reinstatement under the FMLA because Fiatoa has no such right.[1] The FMLA grants employees twelve weeks of unpaid leave for certain medical reasons and requires employers to reinstate employees to the same or similar positions after they return from "such leave." 29 U.S.C. §§ 2612(a)(1) & 2614(a)(1). Fiatoa is not entitled to reinstatement because her leave lasted approximately twenty-eight weeks, which is significantly longer than the twelve weeks granted by FMLA. Regardless of whether Fiatoa was receiving state unemployment benefits, her medical leave began to run the day she invoked it.

BYUH's failure to notify Fiatoa that she was using FMLA leave does not entitle her to reinstatement. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S.

---

[1] We review *de novo* the district court's grant of summary judgment. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1047 (9th Cir. 1995).

81, 89-91 (2002) (invalidating 29 C.F.R. § 825.700(a), which provides that if an employer does not designate an employee's leave as FMLA leave, then it "does not count against an employee's FMLA entitlement"). It is undisputed that even if BYUH had given Fiatoa proper notice, Fiatoa would not have been able to return to work until well after her twelve weeks of FMLA leave expired. *See id.* at 90 (finding no prejudice from the failure to give notice because the employee "ha[d] not shown that she would have taken less leave or intermittent leave if she had received the required notice"). Accordingly, Fiatoa cannot show any harm from BYUH's failure to give notice. *See id.* at 88 (indicating that the employee must show the "prejudice [she] might have suffered from the employer's lapse"). BYUH therefore is entitled to summary judgment on Fiatoa's claim that it interfered with her right to reinstatement.

Fiatoa also argues that the district court lacked the authority to award costs to BYUH.[2] We consider Fiatoa's argument even though she did not raise it below because it is a question of law. *See Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir. 1987) (explaining that purely legal questions are one of the "narrow

---

[2] The Court reviews *de novo* whether the district court had the authority to award costs. *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 968 (9th Cir. 1999). Fiatoa does not argue that the district court abused its discretion in awarding costs, but rather that it did not have authority, statutory or otherwise, to grant costs in the first place.

and discretionary exceptions to the general rule against considering issues for the first time on appeal").

The district court had authority under Federal Rule of Civil Procedure 54(d)(1) to award costs to BYUH. Rule 54(d)(1) allows district courts to award costs other than attorneys' fees "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules." The FMLA contains a provision that governs the award of costs but the provision is inapplicable here. *See* 29 U.S.C. § 2617(a)(3). The provision governs only actions "to recover damages or equitable relief" from an employer who was found liable for interference with the employee's FMLA rights. 29 U.S.C. § 2617(a)(1)-(2). Fiatoa's action sought to hold her employer liable, not to recover damages for previously assessed liability. The district court therefore acted within its authority under Rule 54(d)(1) in awarding costs of BYUH.

Each party shall bear its own costs on this appeal.

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 14 2006

by: _____
Deputy Clerk